

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-81,586-01

### EX PARTE JOSE MARIA CAVAZOS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2010CR5796-W1 IN THE 187TH DISTRICT COURT
### FROM BEXAR COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual assault and sentenced to fifteen years' imprisonment. He did not appeal his conviction.

On July 16, 2014, we denied this application. In a single ground, Applicant claimed that he was denied his right to an appeal. Before we denied this application, Applicant filed a supplemental application in Bexar County. We did not receive it, however, until July 21. In his supplemental application, Applicant claims, among other things, that trial counsel advised him that if he pleaded guilty, he would be placed on deferred adjudication probation for fifteen years.

We now withdraw our July 16 disposition on our own motion and remand this application for a response from counsel and findings of fact and conclusions of law. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to the above claim. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether deferred adjudication probation was a condition of the plea agreement and whether counsel advised Applicant that if he pleaded guilty, he would be placed on deferred adjudication probation for fifteen years. The trial court shall also determine whether counsel's conduct was deficient and Applicant was prejudiced. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall

be obtained from this Court.

Filed: March 04, 2015
Do not publish